The Court

took time to consider of this case, and, after mature deliberation, was of opinion, that a man who, without fraud or concealment of any part of his estate and effects, gives- up his all, and comes out of gaol under the insolvent *436 debtor’s act, is for ever discharged from the demands of his suing creditors, or those accepting of dividends of his estate and effects.
Those creditors who nave neither sued the insolvent debtor, nor dividendof his Sained are from suing lum until a year ami a day from the time of such dis-ollal“e'
They may, however, prove their gainst which art shau^ñoi atbarVardS be
That the intention of the act was to give effectual relief to poor unfortunate debtors ; and jiot a temporary one, that would again, in( so short a time as a year and day, put them in the powfer of rigorous creditors. That the act contemplated three different classes of creditors — to wit: 1. Suitors or suing creditors. 2. Those coming in and accepting of a dividend of the insolvent debtor’s estate and effects. 3. Those who had neither sued nor chose to . accept of a dividend.
That the clause of release and discharge in the act, re- ° lated only to the two first classes ; but the third class, who , , had neitner sued nor accepted or a dividend, was prevent-ed from suing until twelve months and a day next after such discharge.^
That this was the intent and meaning of the act, is mani-t fest from the 10th and 11th clauses of it, which will fully . . . , confirm and explain this construction, ihe 10th clause enacts, that the act of limitations shall not run against such creditors as had not sued., or accepted of dividends. And 0 . the llth clause gives such creditors a power to prove their demands in the court where the insolvent debtor should ap-Pfr f°r discharge ; and enacts, that a certificate of the clerk court; should always be conclusive evidence of the debt, against which the statute of limitations should not be a bar. There is not one syllable said in either of these two last clauses about the suing or accepting creditors. And if in any part of the act, subsequent to the discharge, it had considered their demands as still in existence, they would have been mentioned in the clause which says the limitation act should not be a bar to the other creditors ; and to prove which, this kind of ex parte testimony was to be conclusive. It is evident, therefore, from the silence of the act in those two clauses, respecting the two first classes of creditors, as well as from the general scope and design of *437 jt, the first enacting clause of discharge took leave of them for ever, and considered their demands as totally extinguished.
Harper, for the motion.
Lee and Marshall, against it,
Chief Justice, Waties and Bay, Judges, present, who ordered that a prohibition should issue.
Mr. Justice Groike was present at part of the argument, and at first doubted, but afterwards concurred with the three other judges.
Mr. Justice Burke was absent at New-York when this argument came on; but has since agreed in opinion with the Chief Justice and other judges: so that this may now be considered as the unanimous opinion of the whole court.